McLeese, Associate Judge,
concurring in the judgment in part and dissenting in part:
I agree with the court’s affirmance of the CRB’s conclusions that Mr. Banks’s back symptoms were causally related to a workplace injury, ante at 775-76; and that Mr. Banks was entitled to temporary total disability benefits, ante at 776. I do not agree, however, with the court’s affir-mance of the CRB’s conclusion that Clark Construction failed to rebut the presumption of compensability as to Mr. Banks’s *777 neck symptoms. Ante at 774-75. I therefore respectfully concur in the judgment in part and dissent in part.
In this case, an ALJ found that Mr. Banks had failed to demonstrate that Mr. Banks’s neck symptoms were causally related to a work injury. The CRB reversed, concluding that the evidence relied upon by Clark Construction was not sufficient to rebut the presumption of compensability. Clark Construction argues that the CRB erred by failing to take into account medical records indicating that Mr. Banks did not describe any neck complaints to various physicians. The court affirms the ruling of the CRB without addressing this argument. In my view, the court should remand for the CRB to consider those medical records when deciding whether the evidence relied upon by Clark Construction, taken as a whole, sufficed to rebut the presumption of compensability.
In affirming the CRB, the court focuses on the CRB’s determination that the medical evaluation by Dr. Hinkes—the physician upon whom Clark Construction relied—was “spare,” conclusory, and ambiguous. Clark Construction, however, did not rely solely upon Dr. Hinkes’s medical evaluation to attempt to rebut the presumption of compensability. Rather, Clark Construction also relied upon medical records indicating that Mr. Banks did not complain about neck symptoms to a medical provider until approximately a year after the workplace injury. The ALJ specifically relied upon those medical records as part of the basis for its conclusion that Clark Construction had rebutted the presumption of compensability. The CRB did not address the significance of those medical records in reversing the conclusion of the ALJ.
I express no view on whether the medical records relied upon by Clark Construction, taken together with Dr. Hinkes’s evaluation, are “specific and comprehensive enough to sever the potential connection between” Mr. Banks’s neck injury and his work injury. Washington Hosp. Ctr. v. District of Columbia Dep’t of Emp’t Servs., 744 A.2d 992, 998 (D.C. 2000) (internal quotation marks omitted). In my view, that question is substantial enough that the CRB should address it in the first instance. Cf. Reyes v. District of Columbia Dep’t of Emp’t Servs., 48 A.3d 159, 164 (D.C. 2012) (“remand[ing] to the agency for further consideration of the evidence”); Munson v. District of Columbia Dep’t of Emp’t Servs., 721 A.2d 623, 627 (D.C. 1998) (“A remand ... for such clarification conforms with our practice of remanding open legal issues for reasoned interpretation by the agency charged with administering the statute.”) (internal quotation marks omitted).